#400 — PBT — 18 4193 — FILED SEP 28 2018 KATE BARKMAN, Clerk By \_\_\_ Dep. Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA BERARDINUCCI<br>2419 Arden Road<br>Cinnaminson, NJ 08077<br><br>           Plaintiff,<br>v.<br><br>TEMPLE UNIVERSITY<br>1801 North Broad Street<br>Philadelphia, PA 19122<br><br>           and,<br><br>TEMPLE UNIVERSITY KORNBERG<br>SCHOOL OF DENTISTRY<br>3223 North Broad Street<br>Philadelphia, PA 19149<br><br>           Defendants. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT – CIVIL ACTION

Plaintiff, Theresa Berardinucci ("Plaintiff"), by and through her undersigned counsel, for her Complaint against Temple University and Temple University Kornberg School of Dentistry ("Defendants"), alleges as follows:

### INTRODUCTION

1.     Plaintiff brings this action to redress violations by Defendants of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*



## PARTIES

2. Plaintiff, Theresa Berardinucci is an adult American citizen who currently maintains a residence at 2419 Arden Road, Cinnaminson, NJ 08077.

3. Defendant, Temple University, is a non-profit corporation doing business in Pennsylvania with a registered address of Broad Street and Montgomery Avenue, Philadelphia, PA 19122, and maintaining a principal place of business at 1801 North Broad Street, Philadelphia, PA 19122

4. Defendants, Temple University Kornberg School of Dentistry is a non-profit corporation doing business in Pennsylvania with a registered address of 3223 North Broad Street, Philadelphia, PA 19140.

5. At all times relevant hereto, Defendants acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

6. Paragraphs 1 through 5 are hereby incorporated by reference as though the same were fully set forth at length herein.

7. This action is authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

8. On or about December 2, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge Number 530-2018-

04342. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

9. By correspondence dated July 6, 2018, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against the Defendants.

10. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

11. This Court has original jurisdiction over Plaintiff's ADA and FMLA claims, pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12. This Court had pendant jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative fact as her federal claims.

13. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendants resides in this district and conducts business therein, and the events giving rise to this action occurred in this district.

**FACTUAL BACKGROUND**

14. Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15. Plaintiff began her employment with Defendants[1] on or about April 25, 2011 in the position of Senior Expanded Functions Dental Assistant.

16. Over the course of Plaintiff's employment with Defendants, she received positive reviews of her performance, occasional praise, and no discipline.

---

[1] Upon information and belief, and in order to proceed diligently and in good faith, Plaintiff brings this action against both defendants with the understanding that discovery will reveal the proper employer defendant.

17. By way of background, Plaintiff suffers from Diverticulosis, Irritable Bowel Syndrome, and Arthritis, disabilities within the meaning of the ADA in that they substantially impair one or more major life activities.

18. Sometime in or around February 2015, Plaintiff requested intermittent FMLA leave to recover from unpredictable flare-ups and attend physician's appointments as a result of her disabilities, which constituted requests for reasonable accommodations within the meaning of the ADA.

19. Plaintiff, on average, utilized approximately three (3) days of leave per month.

20. Sometime in or around February 2016, Defendants appointed Jennifer Hill ("Ms. Hill") to the position of Department Chairperson, which was a position that gave Ms. Hill supervisory authority over Plaintiff.

21. Shortly thereafter, Ms. Hill began making offensive and discriminatory remarks on the basis of Plaintiff's disabilities.

22. By way of example, these remarks included, *inter alia*, "I have horrible stomach pains, but I still managed to make it to work, I have a job to do."

23. Sometime on or about March 16, 2016, Defendants' Human Resources Representative, Bonnie Reeder ("Ms. Reeder"), abruptly informed Plaintiff that Defendants terminated her employment for alleged lack of grant funds, which were needed to fund the position.

24. Plaintiff was terminated on or about March 16, 2016.

25. Critically, Theresa Hopkins ("Ms. Hopkins"), Leah (Last Name Unknown) ("Leah LNU"), and Kevin (Last Name Unknown) ("Kevin LNU") are employees of Defendants,

each of whom held positions which were funded by the exact same grant, and remained employed by Defendants.

26. Furthermore, Defendants did not eliminate Plaintiff's position, as Ms. Reeder had previously suggested at the time of Plaintiff's termination.

27. Following Plaintiff's termination, upon information and belief, Defendants hired an Expanded Functions Dental Assistant into Plaintiff's previously held position.

28. Immediately thereafter, Plaintiff informed Ms. Reeder of Ms. Hill's discriminatory remarks and that she believed Defendants' decision was discriminatory.

29. Rather than investigate Plaintiff's claims or undertake remedial action, Ms. Reeder immediately dismissed the complaint, stating "well you came here with medical issues," and that Plaintiff's termination was "Dr. Hill's decision."

30. It is believed and therefore averred that Defendants terminated Plaintiff's employment because she exercised her right to protected FMLA leave to seek treatment for her serious health conditions.

31. It is further believed and therefore averred that Defendants terminated Plaintiff's employment because of her actual and/or perceived disabilities, and in retaliation for her request for an accommodation in connection thereto.

32. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C § 12101, *ET SEQ.*
## DISCRIMINATION AND RETALIATION

33. Paragraphs 1 through 32 are hereby incorporated by reference as though the same were fully set forth at length herein.

34. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

35. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

36. Plaintiff's Diverticulosis, Irritable Bowel Syndrome, and Arthritis substantially limits her ability to engage in major life activities.

37. Defendants were aware of Plaintiff's disabilities.

38. Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job with or without a reasonable accommodation.

39. By reasons of the foregoing, Defendants, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage in the interactive process of determining reasonable accommodations for Plaintiff, and by terminating Plaintiff's employment because of her actual and/or perceived disability and request for reasonable accommodations in connection thereto.

40. As a result of Defendants' deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendants for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

### COUNT II
### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. § 2601 *et seq.*
### RETALIATION

41. Paragraphs 1 through 40 are hereby incorporated by reference as though the same were fully set forth at length herein.

42. Defendants employed at least fifty (50) employees within the applicable seventy-five (75) mile radius for each working day in each of twenty (20) or more calendar days in the current or preceding year.

7

43. Plaintiff was an eligible employee under the FMLA and was thus entitled to twelve (12) weeks of unpaid leave and/or intermittent leave to seek treatment for her serious health conditions.

44. Plaintiff provided adequate notice to Defendants of her need for medical leave by giving notice as soon as she became aware of the need for leave and as soon as was practicable, pursuant to 29 U.S.C. § 2612(e).

45. Defendants willfully violated the FMLA by terminating her employment because she attempted to exercise her right to FMLA-qualifying leave and/or in retaliation for exercising these rights under the FMLA.

46. The aforementioned actions of Defendants constitute retaliation violations of the FMLA.

47. As a result of Defendants' actions, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E.  Such other and further relief as is just and equitable under the circumstances;

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## COUNT III
## THE PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *ET SEQ.*
## DISCRIMINATION AND RETALIATION

48.  Paragraphs 1 through 47 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

49.  Plaintiff is a qualified individual with disabilities within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, due to her Diverticulosis, Irritable Bowel Syndrome, and Arthritis, all of which are conditions that substantially limits her ability to perform major life activities.

50.  Despite her disability, Plaintiff would have been able to perform the essential functions of her job with or without a reasonable accommodation.

51.  It is believed and therefore averred that Defendants terminated Plaintiff's employment on the basis of her actual and/or perceived disabilities and in retaliation for her requests for a reasonable accommodation.

52.  As a result of Defendants's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

53.  The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendants for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

MURPHY LAW GROUP, LLC

By: _____
Michael Murphy, Esq.
Murphy Law Group, LLC
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: September 25, 2018

FILED
SEP 28 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

11

## DEMAND TO PRESERVE EVIDENCE

The Defendants is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.